**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-1012 _____     _____ Caption [use short title] _____

Motion for: EMERGENCY MOTION FORSTAY PE ⊞

_____

_____

Set forth below precise, complete statement of relief sought:

_____     SEBASTIAN CORREA MORALES,Petitioner-App

_____

_____

_____

_____

_____                                            ⊞

MOVING PARTY: Juliana Escobar Restrepo _____     OPPOSING PARTY: Sebastian Correa Morales _____

☐ Plaintiff            ☐ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

MOVING ATTORNEY: Pro se _____     OPPOSING ATTORNEY: Richard Min Green Kaminer Min & ⊞

[name of attorney, with firm, address, phone number and e-mail]

Pro Se Respondent-Appellant1207 154th Street ⊞ 420 Lexington Ave. Ste. 2821|New York, NY 10170⊞

_____

_____

Court- Judge/ Agency appealed from: Eastern District of New York- Natasha C. Merle _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____
_____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

Is oral argument on motion requested?   ☑ Yes   ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No  If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No

Has this relief been previously sought in this court?   ☐ Yes ☑ No

Requested return date and explanation of emergency: _____

_____

_____

_____

_____

**Signature of Moving Attorney:**

_____ Date: 4/22/2026 _____   Service by: ☐ CM/ECF   ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

25-cv-06998 (NCM) (TAM)

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

---

SEBASTIAN CORREA MORALES,

*Petitioner-Appellee,*

– against –

JULIANA ESCOBAR RESTREPO,

*Respondent-Appellant.*

---

Appeal No. 26-1012

Related Second Circuit Court Appeal No 25-806

Related District Court Cases No. 25-cv-06998 (NCM) (TAM)

Related District Court Cases No. 24-cv-07951 (NCM) (TAM)

United States District Court, Eastern District of New York

---

## RESPONDENT-APPELLANT'S EMERGENCY MOTION FOR

## STAY PENDING APPEAL

---

**EMERGENCY:** The District Court's administrative stay expired April 16, 2026. Respondent-Appellant respectfully requested an additional Stay which was denied on April 21, 2026 immediate consideration of this motion.

25-cv-06998 (NCM) (TAM)

## I.      INTRODUCTION AND URGENCY

Respondent-Appellant Juliana Escobar Restrepo respectfully moves this Court for an emergency stay of the District Court's Order of Return entered April 9, 2026, in Case No. 25-cv-06998 (E.D.N.Y.), pending resolution of my appeal. Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 et seq., Honorable Judge Merle ordered the return of the parties' minor child, L.C., to Colombia.

The District Court administratively stayed enforcement of that Order until April 16, 2026, expressly to permit Respondent-Appellant to seek relief from this Court. An additional Stay was requested in the District court on April 16, 2026 to seek help for Stay in this court as a *Pro se* litigant which was denied on April 21, 2026. This motion is therefore urgent and time-sensitive. Absent a stay by this Court, Respondent-Appellant and the minor child face immediate, irreparable harm.

## II. BACKGROUND

Respondent-Appellant Juliana Escobar Restrepo is the mother and primary caregiver of L.C., a six-year-old child. She is a United States citizen currently residing in New York with L.C. Respondent-Appellant has been a victim of domestic abuse perpetrated by Petitioner-Appellee Sebastian Correa Morales, who alleges to reside in Colombia.

This is the second Hague Convention proceeding initiated by Petitioner-Appellee. In the first proceeding ("Restrepo I"), Case No. 24-cv-07951, the District Court ordered the return of

25-cv-06998 (NCM) (TAM)

L.C. to Colombia on March 28, 2025. Respondent-Appellant's appeal of that decision is currently pending before this Court at Docket No. 25-806. That appeal raises dispositive legal questions—including whether the District Court correctly determined L.C.'s habitual residence—that directly bear upon the instant Order of Return. Additionally the appeal also asks for the opportunity to proof the court the false testimony given by Petitioner-Appellee during the trial proceedings that shows he acquiesced and that there was shared parental intend to L.C's permanent move to the United States and there is clear and convincing evidence such a New Jersey divorce file in February 2024 by petitioner that states L.C will reside with his mother in New York. Following many threats and efforts of coercion from petitioner he filed the first Hague proceeding in November 2024, fulfilling his threats.

Following L.C.'s return to Colombia in April 2025, Respondent and petitioner litigated custody, which was awarded to respondent as a protective measure to L.C first provisionally and then in a final administrative order on November 28, 2025 by the Family Affairs Office of the Municipality of Itagui. Respondent also file criminal domestic violence reports, for emotional, psychological, financial and vicarious violence, which are still active under investigation.

On December 3, 2025, Respondent-Appellant relocated L.C. to New York following Article 110 of the Colombian Child and adolescent code law 1098 of 2006 modified by law 1878 of 2018, which did not require petitioner's permit for L.C to return home, NY. After Petitioner-Appellee was informed by respondent L.C had returned home he filed the instant petition on December 19, 2025. After a two-day hearing, the District Court issued the challenged Order of Return on April 9, 2026.

### III. LEGAL STANDARD

A stay pending appeal requires consideration of: (1) the likelihood of success on the merits of the appeal; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 426 (2009). The first two factors are the most critical. Id. at 434.

### IV. ARGUMENT

#### A. Respondent-Appellant Has a Substantial Likelihood of Success on the Merits

Respondent-Appellant's pending appeal in Restrepo I (No. 25-806) raises unresolved legal questions that this Court has not yet addressed, including whether the District Court correctly determined Colombia as L.C.'s habitual residence. The instant Order relies expressly and substantially on the habitual residence determination from Restrepo I. Resolution of that prior appeal in Respondent-Appellant's favor would materially affect—and potentially nullify—the legal foundation of the instant Order of Return.

Additionally, the instant appeal raises substantial and meritorious questions regarding: (a) the proper interpretation of the parties' Divorce Decree under Colombian law and whether physical custody was conditioned on remaining in the Medellín metropolitan area; (b) the scope and application of Article 110 of the Colombian Legislation on Parental Authority, Custody Rights and Alimony; and (c) whether the District Court gave appropriate weight to evidence of L.C.'s connections to the United States given an appeal is still pending when false and paid testimony was presented in the District court hearings on February 2025. (d) Omission of the final Custody

administrative order issued on November 28, 2025 by the Family Affairs Office of the Municipality of Itagui on the findings of fact.

These are not frivolous questions. The competing expert testimony at trial—including testimony from Respondent-Appellant's Colombian family law attorney—reflects genuine legal uncertainty as to the scope of the Divorce Decree and Respondent-Appellant's rights thereunder, where she also allege the law was to be followed as in an "ideal world", her inexperience and idealistic interpretation was not questioned. This Court's resolution of Restrepo I may establish controlling precedent applicable to these very issues. The district court also omitted petitioner's request for custody on January 2026 to the Family Affairs Office of the Municipality of Itagui, which shows petitioner's repeated attempts to gain custody of L.C not only with Hague proceedings but also with other entities in Colombia, for which he was denied. The district court also failed to mention petitioner's repeated and long term stays out of Colombia, it is my belief that petitioner is no longer permanently residing in Colombia as of February 2026 and has relocated to Brazil with his significant other, where he cannot exercise his Colombian rights or patria protested. Petitioner also holds parental rights in the US as L.C was born in Florida and petitioner is a US citizen but he does not want to exercise those rights and relies and continuously states he only has parental rights in Colombia.

### B. Respondent-Appellant and L.C. Will Suffer Irreparable Harm Absent a Stay

Respondent-Appellant is a victim of domestic abuse at the hands of Petitioner-Appellee. The return of L.C. to Colombia—where Petitioner-Appellee alleges to reside and has the ability to exercise ongoing control—would expose L.C. and Respondent-Appellant to a grave risk of physical and psychological harm within the meaning of Article 13(b) of the Hague Convention. This harm is irreparable in nature. L.C and respondent have been exposed to intolerable situations

during the first order of return where L.C and respondent relied on basic needs to be met by the mercy of family members as petitioner continued to exercised financial abuse and hide his real income from Colombian authorities. Upon arrival in Colombia petitioner forcefully tried to have physical custody of L.C at the airport which required police intervention, when petitioner was requested to let go of L.C to stay with respondent, he again threaten respondent that she will pay for that. There would be irreparable harm if we are forced once again to undergo unsafe travel conditions.

Once L.C. is physically removed from the United States pursuant to the Order of Return, the ability of this Court—and of any United States court—to afford Respondent-Appellant meaningful relief is substantially and permanently diminished. The child's removal cannot be undone, and subsequent legal proceedings in Colombia may not adequately protect the rights and safety of Respondent-Appellant and L.C. Respondent has reported imminent fear for her life in Colombia and the US given the threats and vindictive measures taken by petitioner with an ongoing judicial harassment in both countries. There is an active order of protection for respondent in Colombia.

Furthermore, if this Court ultimately reverses the habitual residence determination in Restrepo I, the return of L.C. to Colombia under the instant Order would constitute a second wrongful removal of the child—this time sanctioned by an order that rests on a flawed legal foundation. Enforcement of that order absent a stay would cause irreversible harm.

### C. A Stay Will Not Substantially Harm Petitioner-Appellee

Petitioner-Appellee has maintained regular contact with L.C. through telephone and messaging applications during prior periods of separation. He has not demonstrated that a brief

continuation of the current status quo—pending orderly appellate review—will cause him substantial harm also given his relocation out of Colombia. The temporary delay in L.C.'s return to Colombia is outweighed by the significant harm and irreversibility of an immediate return order.

This Court is currently considering the controlling legal questions in Restrepo I. It would be inequitable and judicially inefficient to require the immediate return of L.C. to Colombia before this Court has resolved the very legal issues upon which the return order is predicated.

### D. The Public Interest Favors a Stay

The public interest supports careful and thorough appellate review of Hague Convention return orders, particularly in cases involving allegations of domestic abuse, competing interpretations of foreign law, and pending appeals raising dispositive legal questions. Hasty enforcement of return orders in such circumstances risks causing irreversible harm to children and to victimized parents.

The Hague Convention itself contemplates exceptions to return, including the grave risk of harm exception under Article 13(b). The public interest in the careful application of those exceptions—and in ensuring that the Convention is not used as an instrument of harm against domestic abuse victims—favors granting a stay to permit this Court to fully consider the merits of this appeal.

### V. REQUEST FOR RELIEF

For the foregoing reasons, Respondent-Appellant respectfully requests that this Court:

25-cv-06998 (NCM) (TAM)

1.  Issue an emergency stay of the District Court's April 9, 2026 Order of Return pending final resolution of Respondent-Appellant's appeal OR temporary administrative Stay while this motion is considered.

2.  Expedite consideration of this motion given the April 21, 2026 administrative stay denial in the district court;

3.  Consolidate this appeal with the pending appeal in Docket No. 25-806 for joint consideration; and

4.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Juliana Escobar Restrepo

*Pro Se Respondent-Appellant*

1207 154th Street,
Whitestone, NY 11357
(718) 219-3356
escobar.juliana@live.com

Dated: April 22, 2026

25-cv-06998 (NCM) (TAM)

**CERTIFICATE OF SERVICE**

I, Juliana Escobar Restrepo, hereby certify that on April 22, 2026, I served a true and correct copy of this letter-motion upon counsel for Petitioner by mail to:

Richard Min
Michael Banuchis
Camilla Redmond Costa
**Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|F: 212.681.6999
www.gkmrlaw.com

_____

**Juliana Escobar Restrepo**

Pro Se Respondent- Appellant

JULIANA ESCOBAR RESTREPO



**Alcaldía de Itagüí**

COMISARÍA DE FAMILIA N°3
SECRETARIA DE GOBIERNO
MUNICIPIO DE ITAGÜÍ

Itagüí, 10 de febrero de 2026.

CONSTANCIA SECRETARIAL

En la fecha se deja constancia que la presente copia del Auto N° 187 del 15 de mayo de 2025, por medio del cual se emitió medida de protección provisional a favor de la señora JULIANA ESCOBAR RESTREPO y en contra del señor SEBASTIAN CORREA MORALES, fue emitida dentro del proceso administrativo de violencia en el contexto familia bajo el Rad N° 028-25, la cual es copia fiel del original, que actualmente se encuentra vigente y reposa en esta agencia administrativa.

CESAR AUGUSTO ESPINEL RAVE
Comisario de Familia N°3
Municipio de Itagüí





NIT. 890.980.093-8 · PBX: 373 76 76 · Cra. 51 No. 51 - 55
Centro Administrativo Municipal de Itagüí (CAMI)
Código postal: 089412 · Itagüí - Colombia

www.itagui.gov.co







**COMMISSARIATS FOR FAMILY No. 3**
**SECRETARY OF GOVERNMENT**
**MUNICIPALITY OF ITAGUI**

Itagui, February 10, 2026.

CERTIFICATION FROM THE SECRETARY

In this date it is certified that this copy of the Order No. 187 of May 15, 2025, by means of which a provisional protection measure was issued in favor of JULIANA ESCOBAR RESTREPO and against SEBASTIAN CORREA MORALES, was issued in the administrative process of family violence under the File No. 028-25, which is a true copy of the original, that is currently in force and effect and is filed in this administrative agency.

(Signed)
CESAR AUGUSTO ESPINEL RAVE
Commissioner of Family No. 3
Municipality od Itagui

Traductora e Interprete Oficial
Español-Ingles/Spanish-English
Official Translator and Interpreter
Resolución N 0694 Ago. 11/97 Minjusticia
Eliana María Restrepo Llano

# AFFIDAVIT

I, the undersigned Eliana Maria Restrepo Llano, Official Translator and Interpreter in and for the Republic of Colombia, holder of the Colombian identity card number 43,047,419 issued in Medellin, with License granted by the Colombian Ministry of Justice in Resolution Number 0694 of August 11, 1997, duly sworn and qualified to act as such, and whose signature is duly registered in the Office of Legalization of the Ministry of Foreign Affairs of Colombia in the City of Santafe de Bogota

HEREBY CERTIFY THAT:

1. I am fluent in both the Spanish and the English language.

2. I have carefully translated the original certificate from Spanish into English.

3. The above translation is a true and accurate translation in every respect, word for word, to the best of my knowledge of the Certificate issued and signed in Medellin and written in Spanish.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in my office, in the city of Medellin.

Traductora e Interprete Oficial
Español - Ingles / Spanish - English
Official Translator and Interpreter
Resolución N° 0694 Ago. 11/97 Minjusticia

Eliana María Restrepo Llano



Eliana Maria Restrepo Llano
Official Translator and Interpreter
Spanish – English – Spanish
Carrera 82 A 50 A 19 Piso 2
Phone: 604 4486648 Mobile: 3117333544 Medellin, Colombia
E-mail: helianarestrepotraductora@gmail.com



# TRADUCCIONES UNIVERSALES
## 10 Años interpretando al mundo

ORDER ISSUING A PROVISIONAL PROTECTION MEASURE

Code: FO-CD-21     Version: 01

Last Updated: 20/09/2017

FAMILY COMMISSIONER'S OFFICE NO. 3

SECRETARY OF GOVERNMENT MUNICIPALITY OF ITAGUI



Order No. 187 of May 15, 2025

File No. 028 of 2025

"ORDER ISSUING A PROVISIONAL PROTECTION MEASURE"

The Family Commissioner's Office No. 3 of the Municipality of Itagui, in exercise of its legal powers, especially those conferred by Article 11 of Law 294 of 1996, amended by Article 6 of Law 575 of 2000 and Law 1257 of 2008, and

CONSIDERING

hat Article 9 of Law 294 of 1996, amended by Article 5 of Law 575 of 2000, the law governing this matter, prescribes: "The request for a protection measure may be submitted personally by the victim, by any other person acting on their behalf, or by the Family Commissioner, when the victim is unable to do so themselves." That the undersigned is entitled to submit the request, which meets the requirements of Article 10 of Law 294 of 1996. That based on the request made by Ms. Juliana Escobar Restrepo, identified by national identity card No. 1,125,791,818 of the United States, seeking the implementation of protective measures in this case, as provided for in Law 294 of 1996 and partially amended by Laws 575 of 2000 and 1257 of 2008, regulated by Decrees 652 of 2001 and 4799 of 2011, making known for this purpose some inappropriate behaviors on the part of his SPOUSE Mr. SEBASTIAN CORREA MORALES, identified with citizenship card No. 1,128,268,360 consisting of ECONOMIC, VERBAL AND PSYCHOLOGICAL aggressions that are disturbing the family union and harmony.

----------------------------------------------------------------------------------------------------

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

OFFICIAL TRANSLATOR     MONICA C. GIRALDO          IDENTIFICATION NUMBER     42790065-7

OFFICIAL LICENSE NUMBER  0065                       traduccionesuniversasles02@gmail.com





**TRADUCCIONES UNIVERSALES**
10 Años interpretando al mundo

That the conduct described by the complainant and carried out by the accused threatens and/or violates the physical, emotional, patrimonial, sexual, and moral integrity, as well as the abandonment of the complainant and other family members. That to provide provisional protection measures, the existence of slight indications is sufficient; consequently, since there are indications that warrant proceeding in accordance with the aforementioned laws, this office will take the necessary provisional protection measures to ensure that the alleged aggressor refrains from committing acts of violence and abuse. That this office is competent to hear the request for protection measures presented, since Article 4 of Law 294 of 1996, modified by Article 2 of Law 575 of 2000, grants jurisdiction to the Family Commissioner in the domicile of the victim, which in this case is the place where the events occurred.

For the reasons described above, it is necessary to ADMIT the aforementioned request, submitted in accordance with Law 294 of 1996, partially amended by Laws 575 of 2000 and 1257 of 2008. Therefore, the appropriate action must be taken in accordance with the aforementioned laws.

In light of the foregoing, and without further consideration, and pursuant to Law 294 of 1996, as amended by Law 575 of 2000 and Law 2126 of 2021, the Family Commissioner's Office No. 3 of the Municipality of Itagui-Antioquia,

RESOLVES

FIRST: TO ASSUME AND ADMIT the request for a provisional protection measure in favor of Ms. JULIANA ESCOBAR RESTREPO, identified by National Identity Card No. 1.125.791.818, and against Mr. SEBASTIAN CORREA MORALES, identified by National Identity Card No. 1.128.268.360. Once these proceedings are filed, the procedure established by Law 294 of 1996, amended by Law 575 of 2000, and Decree 652 of 2001 shall be applied, and it shall be reviewed whether this office has a prior protection measure on file.

SECOND: TO ORDER A PROVISIONAL PROTECTION MEASURE in favor of Ms. JULIANA ESCOBAR RESTREPO and other family members and against Mr. SEBASTIAN CORREA MORALES, until the process is concluded

THIRD: PROVISIONALLY ORDER Mr. SEBASTIAN CORREA MORALES to refrain, from this date forward, from entering any place where the victim may be located or committing acts of violence, threats, offenses, or any other type of violence against Ms. JULIANA ESCOBAR RESTREPO. The accused is hereby WARNED that if he disregards or fails to comply with this provisional protection measure, he will be subject to a fine of two (2) to ten

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

OFFICIAL TRANSLATOR    MONICA C. GIRALDO        IDENTIFICATION NUMBER    42790065-7

OFFICIAL LICENSE NUMBER  0065                  traduccionesuniversasles02@gmail.com



(10) monthly minimum legal wages, convertible to arrest. In accordance with the provisions of Article 17 of Law 2126 of 2021.

FOURTH: ORDER, as a provisional protection measure, a special temporary police protection measure by the police authorities, who must develop a risk protocol. According to this protocol, once the victim's particular situation has been analyzed, the appropriate mechanisms will be established to ensure compliance with the measure.

FIFTH: TO OFFICIALLY notify the commander of the National Police of the jurisdiction where Ms. JULIANA ESCOBAR RESTREPO resides, in order to comply with the provisions of numerals 8 and 9 of article 3 of Decree 4799 of 2011, regulating Laws 294 of 1996, 575 of 2000 and Law 1257 of 2007

SIXTH: WARN that failure to comply with the foregoing order will subject you to the sanctions stipulated in Article 7 of Law 294 of 1996. Furthermore, you are hereby informed that any retaliatory, vengeful, or evasive behavior on the part of the aggressor will be understood as a breach of the protection measures imposed upon you, as stipulated by Law 575 of 2000, Article 4 et seq.: a) for the first offense, a fine of between two (2) and ten (10) times the minimum monthly wage, convertible to arrest, which must be paid within five (5) days following its imposition. The conversion to arrest will be adopted summarily by means of an order that may only be appealed by motion for reconsideration, at a rate of three (3) days for each minimum wage; b) If the protection measures are not complied with within two (2) years, the penalty will be arrest for between thirty (31) and forty-five (45) days.

In case of non-compliance with the protection measures imposed for cases of violence or mistreatment that constitute a crime or contravention, the aggressor will have the benefits of release and the penal substitutes they were enjoying revoked.

SEVENTH: The applicant and other members of the family group who have been victims of domestic violence and/or gender-based violence are hereby informed of their rights, especially the RIGHT NOT TO BE CONFRONTED with the aggressor. This right, enshrined in subparagraph k) of Article 8 of Law 1257 of 2008, includes the right to express to the Attorney General's Office directly, in writing, or through a legal representative, their intention not to reach a settlement. Likewise, it includes the right to participate or not in any administrative, civil, or criminal proceeding or action before any of the competent authorities in which the aggressor is present.

EIGHTH: A psychological evaluation report of the alleged victim is hereby ordered as ex officio evidence; for which purpose, Ms. Juliana Escobar Restrepo is to be immediately

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

OFFICIAL TRANSLATOR      MONICA C. GIRALDO            IDENTIFICATION NUMBER      42790065-7

OFFICIAL LICENSE NUMBER  0065                          traduccionesuniversasles02@gmail.com





**TRADUCCIONES UNIVERSALES**
10 Años interpretando al mundo

referred to the psychologist on staff of this Office for a psychological evaluation, requesting a psychological impression

NINTH: To order as evidence, at the request of the complainant within this administrative proceeding, the documentary evidence consisting of a USB drive (chats, audios, Civil Registry of the minor LIAM SEBASTIAN CORREA ESCOBAR, lawsuits in the United States, response to divorce petition and petition for conversion, complaint filed with the prosecutor's office, complaint for arbitrary exercise of custody, school certificate, employment certificate, lease agreement, professional certification, police report, psychological evaluation); as well as the testimonial evidence, consisting of the statement of Ms. ANA DEL CARMEN ESCOBAR RESTREPO, ID No. 21.736.713.

TENTH: To notify this order to the accused by publication, indicating that no appeal is permitted against it, as it concerns urgent measures, in accordance with the provisions of Article 12 of Law 294 of 1996, amended by Article 7 of Law 575 of 2000.

ELEVENTH: Mr. Sebastian Correa Morales is hereby summoned, in accordance with the provisions of Article 13 of Law 294 of 1996, to present his defense in this administrative proceeding. He must appear on May 26, 2025, at 2:00 p.m. The defendant will be advised that he may present his defense before the hearing and that failure to appear will be interpreted as his acceptance of all charges against him, in accordance with Article 15 of Law 294 of 1996, as amended by Law 575 of 2000

TWELFTH: SUMMON FOR HEARING - Law 294 of 1996 amended by Law 575 of 2000 (in order to seek an agreement between the parties), for June 10, 2025, at 9:00 a.m. The victim is not obligated to attend this hearing if she is a woman, in accordance with the provisions of Article 8, paragraph K, of Law 1257 of 2008, regulated by Article 4 of Decree 4799 of 2011, which incorporates the right of women not to be confronted with the aggressor.

THIRTEENTH: REQUIRE the parties that, should they change their address of residence during the course of the proceedings, they must inform this Family Commissioner's Office of the new address so that the corresponding notifications may be served due form. Otherwise, the last reported address will be considered her domicile for procedural purposes, in accordance with the provisions of Decree 4799 of 2011, which regulates Law 1257 of 2008.

FOURTEENTH: To recognize the legal standing to act in the manner and term of the power of attorney conferred upon Dr. Sandra Maria Alzate Molina, holder of Professional Card No. 90,020 of the Superior Council of the Judiciary, so that she may represent the interests of

---

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

OFFICIAL TRANSLATOR     MONICA C. GIRALDO          IDENTIFICATION NUMBER     42790065-7

OFFICIAL LICENSE NUMBER  0065                      traduccionesuniversasles02@gmail.com





# TRADUCCIONES UNIVERSALES
## 10 Años interpretando al mundo

Ms. Juliana Escobar Restrepo in the aforementioned proceedings, in accordance with the provisions of Article 74 of the General Procedural Code.

FIFTEENTH: This provisional protection measure is valid until the definitive protection measure is determined.

NOTIFY AND COMPLY

CESAR AUGUSTO ESPINEL RAVE

Family Commissioner No. 3 Municipality of Itagui

PERSONAL NOTIFICATION: On May 15, 2025, at 10:00 a.m., Ms. JULIANA ESCOBAR RESTREPO was personally notified of the provisional protection measures granted by this office in her favor and that of other members of her family; likewise, the date and time of the hearing. She signed in witness thereof and was given a copy thereof.

JULIANA ESCOBAR RESTREPO

I.D 1125791818

CESAR AUGUSTO ESPINEL RAVE

Family Commissioner No. 3 Municipality of Itagui

---

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

OFFICIAL TRANSLATOR    MONICA C. GIRALDO                    IDENTIFICATION NUMBER    42790065-7

OFFICIAL LICENSE NUMBER  0065                               traduccionesuniversasles02@gmail.com







# TRADUCCIONES UNIVERSALES
### 10 Años interpretando al mundo

## AFFIDAVIT OF TRANSLATION

Translated on JANUARY 06, 2026, in Medellin, Colombia, I, the undersigned, MONICA C. GIRALDO, certify that I am fluent in English and Spanish and, therefore, have completed this official English translation for submission to the abroad, based on the documents provided to me. I also certify that this is a reliable, accurate, and complete translation, prepared to the best of my knowledge and belief in the aforementioned languages, and I declare that I am duly authorized to practice this profession by Resolution No. 0065 of the Ministry of Justice and that I am registered with the Ministry of Foreign Affairs of the Republic of Colombia.

For all legal purposes, I present and have these official translations certified before a notary public certified in Colombia and authenticate my signature and official seal.

| | |
|---|---|
| OFFICIAL TRANSLATOR | MONICA C. GIRALDO |
| IDENTIFICATION NUMBER | 42.790.065-7 |
| OFFICIAL RESOLUTION | 0065 |

traduccionesuniversasles02@gmail.com

---

Translated on JANUARY 06, 2026, in Medellin, Colombia, I the undersigned, MONICA C. GIRALDO hereby certify that I am proficient in English and Spanish, therefore I have carried out this translation, based on the document given to me. Also certify that this is a reliable, correct and complete translation made according to my knowledge of the aforementioned languages and that I am duly authorized to carry out this profession by means of Resolution #0065 issued by ministry of justice and that I Registered before the Ministry of Foreign Affairs of the Republic of Colombia.

| | | | |
|---|---|---|---|
| OFFICIAL TRANSLATOR | MONICA C. GIRALDO | IDENTIFICATION NUMBER | 42790065-7 |
| OFFICIAL LICENSE NUMBER 0065 | | traduccionesuniversasles02@gmail.com | |

## NOTARÍA CUARTA DE MEDELLÍN

### FIRMA REGISTRADA

Como Notario de la Notaría Cuarta de Medellín doy testimo de que tengo registrada la firma de

**CORREA GIRALDO MONICA CECILIA**

quien exhibió la   C.C. 42790065

De que la firma que aparece en este documento corresponde a la registrada, previa confrontación. Ingrese a www.notariaenlinea.com para verificar este documento.

Medellín 2026-01-06 09:41:10

Cod. zsnk6

**FRANCINED ZAPATA SOSSA**
NOTARIA CUARTA ENCARGADO DEL CIRCULO DE MEDELLIN
RES-2025-026825-6 del 22 de DICIEMBRE de 2025

REPUBLICA DE COLOMBIA
FRANCINED
ZAPATA SOSSA
NOTARIA
ENCARGADA
NOTARÍA CUARTA - MEDELLÍN



| | | |
|---|---|---|
| **AUTO POR MEDIO DEL CUAL SE EMITE MEDIDAD DE PROTECCIÓN PROVISIONAL** | **Código: FO-CD-21** | |
| | **Versión: 01** | |
| | **Fecha de Actualización: 20/09/2017** | |

### COMISARÍA DE FAMILIA N° 3
### SECRETARIA DE GOBIERNO
### MUNICIPIO DE ITAGÜÍ

Auto N° 187 del 15 de mayo de 2025
Radicado 028 de 2025

"POR MEDIO DE LA CUAL SE EMITE UNA MEDIDA DE PROTECCIÓN PROVISIONAL"

La Comisaria de Familia N° 3 del Municipio de la Itagüí, en uso de sus facultades legales en especial las conferidas por el artículo 11 de la ley 294 de 1996, modificado por el artículo 6 de la ley 575 de 2000 y ley 1257 de 2008 y,

### CONSIDERANDO

Que el Artículo 9° de la Ley 294 de 1996, Modificado por el Artículo 5° de la Ley 575 de 2000, norma que rige la materia, prescribe: "La petición de medida de protección podrá ser presentada personalmente por el agredido, por cualquier otra persona que actué en su nombre o por el Comisario de Familia, cuando la víctima se hallare en imposibilidad de hacerlo por sí misma". Que el/la señor/a tiene legitimación para presentar la solicitud, la misma que cumple con los requisitos del artículo 10 de la Ley 294 de 1996. Que con fundamento en la petición que ha formulado la señora JULIANA ESCOBAR RESTREPO, identificada con cedula de ciudadanía N° 1.125.791.818 de Estados Unidos, tendiente a que se dispongan las medidas de protección del caso, como se previene en la Ley 294 de 1996 y reformada parcialmente por las Leyes 575 de 2000 y 1257 de 2008, reglamentada por los Decretos 652 de 2001 y 4799 de 2011, dejando conocer con esa finalidad unos comportamientos inadecuados por parte de su **CONYUGE** el señor SEBASTIAN CORREA MORALES, identificado con cédula de ciudadanía N° 1.128.268.360 consistente en agresiones ECONOMICAS, VERBALES y PSICOLOGICAS que están perturbando la unión y armonía familiar.

Que la conducta descrita por la denunciante y ejecutada por el denunciado, amenazan y/o vulneran la integridad física, emocional, patrimonial, sexual, moral, abandono del denunciante y demás miembros de la familia. Que para brindar medidas de protección provisionales basta con la existencia de indicios leves, en consecuencia, por existir indicios que ameriten proceder de conformidad a lo consagrado en las leyes en mención, este despacho tomará las medidas de protección provisionales necesarias para que el presunto agresor se abstenga de ejecutar actos de violencia y maltrato. Que este despacho es competente para conocer la solicitud de medidas de protección presentada, por cuanto el artículo 4° de la Ley 294 de 1996, modificado por el artículo 2° de la Ley 575 de 2000, otorga competencia al Comisario de Familia en el domicilio de la persona agredida, que para el caso es en el lugar donde ocurrieron los hechos.

Por lo anteriormente descrito se hace necesario se ADMÍTIR la anterior petición, elevada de conformidad con la ley 294 de 1.996 reformada parcialmente por las leyes 575 de 2.000 y 1257 de 2008. Por tanto, debe disponerse lo que es pertinente a términos de las citadas leyes.

**Página 1 de 4**



| AUTO POR MEDIO DEL CUAL SE EMITE MEDIDAD DE PROTECCIÓN PROVISIONAL | Código: FO-CD-21 |
|---|---|
| | Versión: 01 |
| | Fecha de Actualización: 20/09/2017 |

En mérito de lo expuesto, y sin necesidad de más consideraciones y en aplicación de la Ley 294 de 1996 modificada por la Ley 575 de 2000 y la Ley 2126 de 2021, la Comisaría de Familia N° 3 del Municipio de Itagüí-Antioquia,

## RESUELVE

**PRIMERO**: AVOCAR Y ADMITIR, la solicitud de medida de protección provisional a favor de la señora JULIANA ESCOBAR RESTREPO, identificada con cedula de ciudadanía N° 1.125.791.818 y en contra del SEBASTIAN CORREA MORALES, identificado con cédula de ciudadanía N° 1.128.268.360, una vez radicadas las presentes diligencias imprimase a las mismas el procedimiento que señala la Ley 294 de 1996, reformada por la Ley 575 del 2000, y el decreto 652 del 2001 y revísese si en este despacho obra medida de protección anterior.

**SEGUNDO**: DECRETAR MEDIDA DE PROTECCION PROVISIONAL a favor de la señora JULIANA ESCOBAR RESTREPO y demás miembros de la familia y en contra del señor SEBASTIAN CORREA MORALES; hasta que se termine el proceso.

**TERCERO**: CONMINAR PROVISIONALMENTE al señor SEBASTIAN CORREA MORALES, para que a partir de la fecha se abstenga de penetrar en cualquier lugar donde se encuentre la víctima o ejecutar actos de violencia, amenaza, agravio, ofensa o cualquier otro tipo de violencia en contra de la señora JULIANA ESCOBAR RESTREPO. ADVIRTIÉNDOLE al denunciado que, si desatiende o incumple la medida provisional de protección, se hará acreedor a una sanción de una multa de dos (2) a diez (10) salarios mínimos legales mensuales convertibles en arresto. De conformidad a lo deprecado en el Art. 17 de la Ley 2126 de 2021.

**CUARTO**: ORDENAR, como medida de protección provisional medida de protección temporal especial policiva por parte de las autoridades de policía, quienes deben elaborar un protocolo de riesgo, de acuerdo con el cual, una vez analizada la situación particular de la víctima, se establezcan los mecanismos idóneos para poder dar cumplimiento a la medida.

**QUINTO**: OFICIAR al comandante de la Policía Nacional de la jurisdicción donde reside la señora JULIANA ESCOBAR RESTREPO, con el objeto de dar cumplimiento a lo dispuesto en los numerales 8 y 9 del artículo 3° del Decreto 4799 de 2011, reglamentario de las Leyes 294 de 1996, 575 de 2000 y la Ley 1257 de 2007.

**SEXTO**: ADVERTIR que el incumplimiento de la anterior orden lo hará acreedor a las sanciones preceptuadas en el artículo 7 de la ley 294 de 1996, además se le hace saber que todo comportamiento de retaliación, venganza o evasión de los derechos alimentarios por parte del agresor, se entenderá como incumplimiento de las medidas de protección que le fueron impuestas, según lo estipulado por la ley 575 del 2000, Articulo 4 y siguientes: a) por primera vez, multa de entre dos (2) y diez (10) S.M.L.M.V. convertibles en arresto, la cual debe consignar dentro de los cinco (5) días siguientes a su imposición. La conversión en arresto se adoptará de plano mediante auto que solo tendrá recurso de reposición, a razón de tres (3) días por cada salario mínimo; b) si el incumplimiento de las medidas de protección se incumple en el plazo de dos (2) años, la sanción será de arresto entre treinta (31) y cuarenta y cinco (45) días.

|  | **AUTO POR MEDIO DEL CUAL SE EMITE MEDIDA DE PROTECCIÓN PROVISIONAL** | **Código: FO-CD-21** |
| --- | --- | --- |
| | | **Versión: 01** |
| | | **Fecha de Actualización: 20/09/2017** |

En caso de incumplimiento de las medidas de protección impuestas por caso de violencia o maltrato que constituyen delito contravención, al agresor(a) se le revocaran los beneficios de excarcelación y los subrogados penales de que estuviera gozando.

**SEPTIMO**: SE INFORMA a la solicitante y demás miembros del grupo familiar que han sido víctimas de la violencia intrafamiliar y/o violencia basada en el género, sus derechos en especial el DERECHO A NO SER CONFRONTADAS con el agresor. Este derecho, consagrado en literal k) del artículo 8º de la Ley 1257 de 2008, incluye el derecho a manifestar ante la Fiscalía General de la Nación directamente, por escrito o a través de representante judicial, su intención de no conciliar. De igual manera, incluye el derecho a participar o no, en cualquier procedimiento o diligencia administrativa, civil o penal, ante cualquiera de las autoridades competentes, en las cuales esté presente el agresor.

**OCTAVO:** Decrétese como prueba de oficio informe de valoración psicológica a la presunta víctima; para lo cual, REMÍTASE DE INMEDIATO a la señora JULIANA ESCOBAR RESTREPO, ante el psicólogo al servicio de este Despacho, para que se le efectúe evaluación psicológica, solicitándole una impresión psicológica.

**NOVENO:** Decretar como prueba a solicitud de la parte denunciante dentro del presente trámite administrativo la prueba documental consistente en memoria USB (chats, audios, Registro civil del menor LIAM SEBASTIAN CORREA ESCOBAR, demandas en Estados Unidos, contestación de demanda de divorcio y demanda de reconversión, denuncia instaurada en fiscalía, denuncia por ejercicio arbitrario de la custodia, certificado de estudio, certificado laboral, contrato de arrendamiento, certificación de profesión, soporte de policía, constancia psicológica); así como la prueba testimonial, consistente en la declaración de la señora ANA DEL CARMEN ESCOBAR RESTREPO C.C: 21.736.713.

**DÉCIMO:** NOTIFICAR este auto a la persona denunciada por aviso, indicando que contra el mismo no procede recurso alguno, por tratarse de medidas de urgencia, de acuerdo a lo señalado en el Artículo 12 de la Ley 294 de 1996, modificado por el Artículo 7 de la Ley 575 del 2000.

**DÉCIMO PRIMERO:** CITESE al señor SEBASTIAN CORREA MORALES, de conformidad a lo reglado en el Art 13 de la Ley 294 de 1996 para que éste realice la diligencia de descargos en el presente trámite administrativo, para lo cual deberá comparecer el día 26 de mayo de 2025, a las 02:00 pm. Se le advertirá al denunciado que puede presentar descargos antes de la Audiencia y que la no comparecencia a la audiencia dará lugar a dar por entendido que ACEPTA todos los cargos formulados en contra, de conformidad con el Artículo 15 de la Ley 294 de 1996 modificado por la Ley 575 de 2000.

**DÉCIMO SEGUNDO:** CITESE PARA AUDIENCIA - Ley 294 de 1996 modificada por la Ley 575 de 2000 (a fin de buscar acuerdo entre las partes), para el día (10) de junio de (2025) a las (9:00am). *Diligencia a la que no está obligada a asistir la víctima en caso de que esta sea mujer, de conformidad con lo prescrito en el artículo 8º literal K de la Ley 1257 de 2008 reglamentado por el artículo 4º del Decreto 4799 de 2011, que incorpora el derecho de las Mujeres a no ser confrontadas con el Agresor*

**DÉCIMO TERCERO:** REQUERIR a las partes para que en caso que en el curso del proceso cambien de dirección de residencia – domicilio, deberán informar la nueva dirección a esta Comisaría de familia para efectos que se surtan las notificaciones a que haya lugar en

**Página 3 de 4**



| | AUTO POR MEDIO DEL CUAL SE EMITE MEDIDA DE PROTECCIÓN PROVISIONAL | Código: FO-CD-21 |
|---|---|---|
| | | Versión: 01 |
| | | Fecha de Actualización: 20/09/2017 |

debida forma. De lo contrario, se entenderá como su domicilio para efectos procesales, la última dirección reportada, de conformidad con lo señalado en el Decreto 4799 de 2011 reglamentario de la Ley 1257 de 2008.

**DÉCIMO CUARTO:** Reconocer personería para actuar de la forma y término del poder conferido a la Dra. SANDRA MARIA ALZATE MOLINA, portadora de la tarjeta profesional N° 90.020 del C.S. de la Judicatura para que sea ésta, quien represente los intereses de la señora JULIANA ESCOBAR RESTREPO, en el proceso de la referencia, de conformidad a lo reglado en el Art. 74 C.G.P.

**DÉCIMO QUINTO:** Esta medida de protección provisional tiene vigencia hasta que se defina la medida de protección definitiva.

**NOTIFÍQUESE Y CUMPLASE**

CESAR AUGUSTO ESPINEL RAVE
Comisario de Familia N° 3
Municipio de Itagüí

NOTIFICACIÓN PERSONAL: En la fecha 15 de mayo de 2025 siendo las 10:00 am; se le notifica de manera personal a la señora JULIANA ESCOBAR RESTREPO, las medidas de protección provisionales que el despacho le otorgó en su favor y demás miembros de su familia; así mismo, la fecha y hora de la audiencia, en constancia firma y se le entrega copia de la misma.

Notificada

JULIANA ESCOBAR RESTREPO
C.C. 1125791818

CESAR AUGUSTO ESPINEL RAVE
Comisario de Familia N° 3
Municipio de Itagüí



# Alcaldía de Itagüí

**COMISARÍA DE FAMILIA N°3
SECRETARIA DE GOBIERNO
MUNICIPIO DE ITAGÜÍ**

Itagüí, 10 de febrero de 2026.

CONSTANCIA SECRETARIAL

En la fecha se deja constancia que la presente copia del Auto N° 187 del 15 de mayo de 2025, por medio del cual se emitió medida de protección provisional a favor de la señora JULIANA ESCOBAR RESTREPO y en contra del señor SEBASTIAN CORREA MORALES, fue emitida dentro del proceso administrativo de violencia en el contexto familia bajo el Rad N° 028-25, la cual es copia fiel del original, que actualmente se encuentra vigente y reposa en esta agencia administrativa.

_____
CESAR AUGUSTO ESPINEL RAVE
Comisario de Familia N°3
Municipio de Itagüí



(f) (X) (▶) (◎)
www.itagui.gov.co

NIT. 890.980.093-8 · PBX: 373 76 76 · Cra. 51 No. 51 - 55
Centro Administrativo Municipal de Itagüí (CAMI)
Código postal: 055412 · Itagüí - Colombia

  

4/22/2026

 Outlook

## FW: Activity in Case 1:25-cv-06998-NCM-TAM Correa Morales v. Escobar Restrepo Order on Motion to Withdraw as Attorney

**From** Wendy Goodyear <wag@buckley-law.com>

**Date** Tue 4/21/2026 7:18 PM

**To** Juliana Escobar <escobar.juliana@live.com>

**Cc** Katrina Seipel <KAS@buckley-law.com>; TeamKDS <TeamKDS@buckley-law.com>

Juliana,

Below is the message we received after the telephone hearing this morning. Please note the deadlines mentioned by the court regarding the proposed Order of Return.

Thank you.

**Wendy Goodyear**

Paralegal

 **BUCKLEY LAW** P.C.

*t* 503.620.8900 | *f* 503.620.4878 | *direct* 503.906-2208

5300 Meadows Road, Suite 200 | Lake Oswego, OR 97035

wag@buckley-law.com

www.buckley-law.com

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>

**Sent:** Tuesday, April 21, 2026 1:06 PM

**To:** nobody@nyed.uscourts.gov

**Subject:** Activity in Case 1:25-cv-06998-NCM-TAM Correa Morales v. Escobar Restrepo Order on Motion to Withdraw as Attorney

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later**

**charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 4/21/2026 at 4:06 PM EDT and filed on 4/21/2026
**Case Name:**          Correa Morales v. Escobar Restrepo
**Case Number:**       1:25-cv-06998-NCM-TAM
**Filer:**
**WARNING: CASE CLOSED on 04/20/2026**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Judge Natasha C. Merle: Telephone Status Conference held on 4/21/2026. Appearances: Richard Min appeared on behalf of petitioner, Sebastian Correa, also in attendance; and Katrina Seipel appeared on behalf of respondent, Juliana Escobar, also in attendance. Case called. Discussion held. For the reasons stated on the record, the Court granted the motion to withdraw as counsel [74] and denied the motion to stay [75]. The parties were reminded that they remain under court order to submit, by noon on April 23, 2026, a proposed order of return. (Court Reporter Nicole Sesta.) (copy mailed). (AG)**

**1:25-cv-06998-NCM-TAM Notice has been electronically mailed to:**

Karen King      kking@maglaw.com

Richard Min      rmin@gkmrlaw.com, richardmin.esq@gmail.com

Michael Banuchis      mbanuchis@gkmrlaw.com

Jordan Lionell Weatherwax      jweatherwax@maglaw.com

Camilla Redmond Costa      credmond@gkmrlaw.com

Katrina Anne Seipel      kas@buckley-law.com, wag@buckley-law.com

Katelyn Skinner      kds@buckley-law.com

**1:25-cv-06998-NCM-TAM Notice will not be electronically mailed to:**

Juliana Escobar Restrepo
1207 154th Street
Whitestone, NY 11357